IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Andre Keith Doctor, ) <br> ) <br> Plaintiff, ) <br> ) <br> -versus- ) <br> ) <br> City of North Charleston, David Rivera, ) <br> Jerome DeSheers, Denis Woods, and John ) <br> and Jane Doe Law Enforcement Officers, ) <br> ) <br> Defendants. ) <br> ) | Civil Action No. 2:2-cv-2594-DCN-MGB <br><br> **COMPLAINT** <br> **28 U.S.C. § 2201** <br> **42 U.S.C. § 1983** <br><br> **(Demand for Jury Trial)** |

Plaintiff Andre Keith Doctor, by and through his undersigned counsel, hereby brings this Complaint for damages and declaratory relief against the above-named Defendants, and shows this Court as follows:

**JURISDICTION & VENUE**

1.      This is an action for money damages brought pursuant to 42 U.S.C. § 1983 *et seq.*, for violations of the First, Fourth and Fourteenth Amendments of the United States Constitution, and the common law, statutory law, and Constitution of the State of South Carolina. This lawsuit further seeks a declaration of Plaintiff's rights under the United States Constitution and federal statutory law pursuant to 28 U.S.C. § 2201(a).

2.      This Court has original jurisdiction over Plaintiff's claims arising under federal law pursuant to 28 U.S.C. § 1331, and supplemental jurisdiction over the claims arising under South Carolina state law pursuant to 28 U.S.C. § 1367(a).

3.      The subject matter of this action is within this Court's jurisdiction.

4.     The acts and omissions giving rise to this action took place in Charleston County, within the Charleston Division of the District of South Carolina. Therefore, venue in this Court is proper pursuant to 28 U.S.C. § 1391(b)(2) and Local Civ. Rule 3.01(A)(1) (D.S.C.).

## PARTIES

5.     Plaintiff Andre Keith Doctor is a resident of the State of South Carolina.

6.     Defendant City of North Charleston is a political subdivision as defined under S.C. Code Ann. § 15-78-30(h), and is subject to tort liability for its employees' acts and omissions pursuant to the South Carolina Torts Claims Act, S.C. Code Ann. § 15-78-10 *et seq*.

7.     Upon information and belief, Defendant David Rivera ("Defendant Rivera") is employed by the City of North Charleston as a law enforcement officer with the North Charleston Police Department. At all times relevant to this action, Defendant Rivera was acting within the scope of his employment.

8.     Upon information and belief, Defendant Jerome Desheers ("Defendant Desheers") is employed by the City of North Charleston as a law enforcement officer with the North Charleston Police Department. At all times relevant to this action, Defendant Desheers was acting within the scope of his employment.

9.     Upon information and belief, Defendant Denis Woods ("Defendant Woods") is employed by the City of North Charleston as a law enforcement officer with the North Charleston Police Department. At all times relevant to this action, Defendant Woods was acting within the scope of his employment.

10.     Defendant John and Jane Doe Law Enforcement Officers ("Defendants Doe"), whose identities are currently unknown, are employed by the City of North Charleston as law enforcement

officers with the North Charleston Police Department. At all times relevant to this action, Defendants Doe were acting within the scope of their employment.

11.     For the purpose of Plaintiff's claims being made pursuant to 42 U.S.C. § 1983, Defendants Rivera, Desheers, Woods, and Doe are being sued in their individual capacities for acts undertaken under the color of state law.

## FACTUAL ALLEGATIONS

12.     On or around March 28, 2023, law enforcement officers from North Charleston Police Department ("NCPD") were dispatched to the scene of a shooting at 1904 Success Street in North Charleston, South Carolina.

13.     Based upon interviews conducted with witnesses at the scene, Plaintiff's nephew, D'Andre Doctor, was immediately identified as the primary suspect.

14.     In the early morning hours of March 29, 2023, Defendants Desheers and Rivera "began working on leads" to locate D'Andre Doctor. Upon information and belief, this included the use of open-source database searches to probe a "connection" between D'Andre Doctor and Plaintiff.

15.     Defendants Desheers and Rivera recklessly reached several false conclusions, including: (a) Plaintiff and D'Andre Doctor were brothers; (b) Plaintiff and D'Andre Doctor lived together at the same residence; (c) Plaintiff and D'Andre Doctor were in regular contact with one another; (d) Plaintiff and D'Andre Doctor were "associated" with a burgundy 2015 Hyundai Sonata.

16.     Upon information and belief, Defendants had access to, and a duty to review, information which would have verified that their conclusions were false.

17.     At approximately 5:00 a.m. on March 29, 2023, Defendant Desheers located the burgundy 2015 Hyundai Sonata parked near a residence in North Charleston. Desheers observed a "black male subject" going back and forth between the vehicle and the residence.

18. Defendant Desheers directed other officers to follow the Sonata and initiate a traffic stop based upon the reckless belief that the "black male subject" was D'Andre Doctor.

19. Defendants made no attempt to confirm the identity of the individual observed prior to initiating pursuit of the aforementioned Hyundai Sonata. If Defendants had done so, they would have known the individual observed was Plaintiff, not D'Andre Doctor.

20. After following Plaintiff, Defendants conducted a traffic stop at 7749 Palmetto Commerce Parkway, Plaintiff's place of employment.

21. Defendants knew or should have known that this traffic stop violated Plaintiff's rights guaranteed by the Fourth Amendment to the United States Constitution.

22. Defendants ordered Plaintiff out of his vehicle, placed him in handcuffs, and proceeded to interrogate him.

23. Plaintiff was not free to leave.

24. During the interrogation, Plaintiff informed Defendants that D'Andre Doctor was not his brother, but instead his nephew, that it had been at least six (6) months since Plaintiff had last seen D'Andre Doctor, and that Plaintiff had no information concerning D'Andre Doctor's whereabouts nor the shooting under investigation.

25. Defendants continued to interrogate Plaintiff and threatened him with criminal prosecution if he did not provide information regarding D'Andre Doctor.

26. While still handcuffed, Plaintiff finally agreed to contact D'Andre Doctor's mother (Plaintiff's sister) by calling her on speaker phone. Upon information and belief, Defendants had already obtained this contact information from other witnesses interviewed during their investigation.

27.     During the interrogation, Defendants asked Plaintiff if he had any weapons inside his car. Plaintiff responded truthfully, stating that his registered firearm was inside the vehicle.

28.     After locating Plaintiff's pistol, Defendants allegedly conducted an "NCIC check" to determine whether Plaintiff's possession of the firearm was lawful.

29.     Plaintiff was and remains legally permitted to own and carry a firearm under both state and federal law.

30.     Upon information and belief, Defendants recklessly performed their "NCIC check" using the name D'Andre Doctor. This led Defendants to reach the erroneous conclusion that Plaintiff was "federally prohibited from owning a firearm."

31.     Based upon this recklessly acquired false information, Defendants publicly stated to Plaintiff, in the presence of witnesses at Plaintiff's place of employment, that Plaintiff was "federally prohibited from owning a firearm" and that they would be seizing his weapon.

32.     Upon information and belief, Defendants subsequently received information indicating that the previous "NCIC check" was performed incorrectly and that Plaintiff was indeed permitted to possess a firearm under state and federal law.

33.     Realizing their illegal possession of the pistol, Defendants placed it back inside Plaintiff's vehicle. Defendants also released Plaintiff from their handcuffs.

34.     Once released from handcuffs, Plaintiff admonished Defendants for the way they had treated him, for publicly stating that he was federally prohibited from possessing a firearm, and for humiliating and defaming him in front of his workplace.

35.     In retaliation for Plaintiff's exercise of his First Amendment rights, Defendants again unlawfully seized Plaintiff's firearm and threatened Plaintiff with arrest on federal weapons charges.

36. Defendants knew or should have known that their second seizure of Plaintiff's firearm was illegal and in direct violation of Plaintiff's First and Fourth Amendment rights.

37. Defendants knew or should have known that their continued statements that Plaintiff was federally prohibited from possessing a firearm and their statements that he might be arrested on federal weapons charges were false.

38. Plaintiff was not charged with any state or federal crime, and he was provided no paperwork regarding the seizure of his firearm.

39. When Plaintiff expressed confusion regarding Defendants' second seizure of his firearm, Defendants asserted that Plaintiff would need to contact the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") regarding his alleged federally prohibited status. Plaintiff was provided with no further information regarding this process, nor was Plaintiff provided the basis for the alleged federal prohibition.

40. Following the incident, Plaintiff sent Defendant City of North Charleston a letter requesting return of his pistol. Plaintiff's letter informed Defendant City of North Charleston that he is not prohibited from owning a firearm under any provision of state or federal law and that their continued seizure of his firearm was unlawful.

41. Defendant City of North Charleston refused to return Plaintiff's firearm and again falsely asserted that federal law prohibits Plaintiff from possessing a firearm. Defendant City of North Charleston also again stated that the officers involved were looking at indicting Plaintiff federally.

42. Upon information and belief, Defendants are still in possession of Plaintiff's firearm and have filed no action seeking its forfeiture.

# FIRST CAUSE OF ACTION
## VIOLATION OF FEDERAL CIVIL RIGHTS - 42 U.S.C. § 1983
### Fourth Amendment Violations – Unlawful Search and Seizure
### (As to Defendants Rivera, Desheers, Woods, and Doe)

43. Plaintiff restates the allegations contained in the foregoing Paragraphs of this Complaint and incorporates the same herein as if repeated verbatim.

44. At all times relevant to this action, Defendants Rivera, Desheers, Woods, and Doe were acting under color of state law, customs, practices, usages, and/or policies as law enforcement officers having certain duties imposed upon them in regard to Plaintiff.

45. At all times relevant to this action, Defendants Rivera, Desheers, Woods, and Doe were aware of Plaintiff's constitutional rights, including Plaintiff's Fourth Amendment right to be free from unreasonable searches and seizures.

46. Defendants Rivera, Desheers, Woods, and Doe knowingly, willfully, and with deliberate indifference violated Plaintiff's Fourth Amendment rights in the following particulars:

   a. By stopping Plaintiff's vehicle without reasonable suspicion or probable cause.

   b. By physically detaining Plaintiff without reasonable suspicion or probable cause.

   c. By searching Plaintiff's vehicle without reasonable suspicion or probable cause.

   d. By seizing Plaintiff's firearm without reasonable suspicion or probable cause.

   e. In other particulars to be uncovered in discovery and proven at trial.

47. As a direct and proximate result of Defendants Rivera, Desheers, Woods, and Doe's acts and omissions, committed jointly and severally, Plaintiff has suffered deprivation of his rights guaranteed by the Fourth Amendment to the United States Constitution, as well as mental anguish, humiliation, emotional distress, indignity, property loss, and loss of enjoyment of life.

## SECOND CAUSE OF ACTION
## <u>VIOLATION OF FEDERAL CIVIL RIGHTS - 42 U.S.C. § 1983</u>
### Fourteenth Amendment Violations – Procedural Due Process
### (As to Defendants Rivera, Desheers, Woods, and Doe)

48.     Plaintiff restates the allegations contained in the foregoing Paragraphs of this Complaint and incorporates the same herein as if repeated verbatim.

49.     At all times mentioned herein, Defendants Rivera, Desheers, Woods, and Doe were acting under color of state law, customs, practices, usages, and/or policies as law enforcement officers having certain duties imposed upon them with regard to Plaintiff.

50.     At all times mentioned herein, Defendants R Rivera, Desheers, Woods, and Doe were aware of Plaintiff's constitutional rights, including Plaintiff's right to due process of law.

51.     Plaintiff has an enforceable property interest in his firearm and, by seizing his firearm without affording due process, Defendants have deprived Plaintiff of this interest.

52.     Defendants Rivera, Desheers, Woods, and Doe's seizure of Plaintiff's property was done without providing him notice of official action and without due process of law.

53.     Defendants Rivera, Desheers, Woods, and Doe have refused to provide Plaintiff with a reasonable opportunity to be heard and contest their seizure of his firearm. These Defendants have also refused to provide Plaintiff with the evidence which they falsely claim prohibits his ownership of firearms and denied him an opportunity to confront the same.

54.     As a direct and proximate result of Defendants Rivera, Desheers, Woods, and Doe's acts, omissions, and deliberate indifference, committed jointly and severally, Plaintiff has suffered a deprivation of his due process rights secured by the Fourteenth Amendment to the United States Constitution, as well as mental anguish, humiliation, emotional distress, indignity, loss of property, and loss of enjoyment of life.

## THIRD CAUSE OF ACTION
## <u>VIOLATION OF FEDERAL CIVIL RIGHTS - 42 U.S.C. § 1983</u>
## First Amendment Violations – Retaliation
## (As to Defendants Rivera, Desheers, Woods, and Doe)

55. Plaintiff restates the allegations contained in the foregoing Paragraphs of this Complaint and incorporates the same herein as if repeated verbatim.

56. At all times mentioned herein, Defendants Rivera, Desheers, Woods, and Doe were acting under color of state law, customs, practices, usages, and/or policies as law enforcement officers having certain duties imposed upon them with regard to Plaintiff.

57. At all times relevant to this action, Defendants Rivera, Desheers, Woods, and Doe were aware of Plaintiff's constitutional rights, including Plaintiff's right to free speech and freedom from retaliation by public officials for the exercise of that right.

58. At all times relevant to this action, of Plaintiff's speech regarding Defendants and their illegal conduct was protected by the First Amendment.

59. Defendants Rivera, Desheers, Woods, and Doe retaliated against Plaintiff's exercise of free speech by unlawfully seizing Plaintiff's firearm without legal basis and by threatening Plaintiff with federal criminal prosecution.

60. Defendants Rivera, Desheers, Woods, and Doe's retaliation against Plaintiff for his constitutionally protected speech was intended to, and did, intimidate Plaintiff.

61. As a direct and proximate result of Rivera, Desheers, Woods, and Doe's acts, omissions, and deliberate indifference, committed jointly and severally, Plaintiff's First Amendment right to free speech has been violated and chilled, and he has and will continue to suffer mental anguish, humiliation, emotional distress, indignity, loss of property, and loss of enjoyment of life.

## FOURTH CAUSE OF ACTION
## DECLARATORY JUDGMENT - 28 U.S.C. § 2201(a)
**(As to all Defendants)**

62. Plaintiff restates the allegations contained in the foregoing Paragraphs of this Complaint and incorporates the same herein as if repeated verbatim.

63. On March 29, 2023, Defendants seized Plaintiff's firearm based upon their reckless, erroneous, deliberately indifferent conclusion that federal law prohibits Plaintiff from possessing firearms.

64. Defendants also threatened Plaintiff that he may be prosecuted for violations of federal law based upon his possession of the firearm on March 29, 2023.

65. Upon information and belief, Defendants' continued seizure of Plaintiff's property and threats of criminal prosecution are both based upon Defendants' erroneous legal conclusion that Plaintiff is prohibited from possessing firearms or ammunition under 18 U.S.C. § 922(g).

66. Plaintiff is not now and has never been prohibited from firearm ownership under the provisions of 18 U.S.C. § 922(g).

67. Therefore, Plaintiff seeks a declaration from this Court that neither this statute, nor any other federal law, bars Plaintiff from possessing the firearm Defendants seized.

## FIFTH CAUSE OF ACTION
## CLAIM AND DELIVERY - S.C. Code Ann. § 15-69-10 et seq.
**(As to Defendant City of North Charleston)**

68. Plaintiff restates the allegations contained in the foregoing Paragraphs of this Complaint and incorporates the same herein as if repeated verbatim.

69. Plaintiff is the legal owner of the firearm seized by the City of North Charleston, which is a black Taurus G2S semi-automatic pistol bearing serial number TLX29100.

70.     Plaintiff's property is wrongfully detained by the City of North Charleston based upon Defendants' false assertion that federal law prohibits Plaintiff from owning firearms.

71.     Plaintiff's firearm has not been taken for a tax, assessment or fine pursuant to a statute, nor has Plaintiff's firearm been seized under an execution or attachment against property.

72.     Plaintiff purchased the subject firearm for $217.95.

73.     Plaintiff is entitled to the immediate repossession of his property.

**SIXTH CAUSE OF ACTION**
**COMMON LAW CONVERSION**
**(As to Defendant City of North Charleston)**

74.     Plaintiff restates the allegations contained in the foregoing Paragraphs of this Complaint and incorporates the same herein as if repeated verbatim.

75.     Plaintiff is the legal owner of the firearm seized by the City of North Charleston.

76.     The City of North Charleston seized Plaintiff's firearm and converted the firearm to its own use and possession.

77.     The City of North Charleston has refused to return Plaintiff's firearm upon request.

78.     Plaintiff is entitled to actual damages in the amount of the firearm's market value plus interest on that amount from the date Defendant converted Plaintiff's property to its own use.

**SEVENTH CAUSE OF ACTION**
**COMMON LAW FALSE IMPRISONMENT**
**(As to Defendant City of North Charleston)**

79.     Plaintiff restates the allegations contained in the foregoing Paragraphs of this Complaint and incorporates the same herein as if repeated verbatim.

80.     On May 23, 2023, the City of North Charleston, through its police officer employees, seized Plaintiff by ordering him from his vehicle and placing him in handcuffs.

81. The City of North Charleston's restraint of Plaintiff was intentional, and was undertaken willfully, wantonly, and with reckless disregard for Plaintiff's liberty.

82. The City of North Charleston's restraint of Plaintiff was unlawful and deprived Plaintiff of his liberty.

83. As a direct and proximate result of Plaintiff's false imprisonment, Plaintiff has and will in the future experience pain and suffering, inconvenience, humiliation, embarrassment, emotional distress, and loss of enjoyment of life.

**EIGHTH CAUSE OF ACTION**
**COMMON LAW GROSS NEGLIGENCE**
**(As to Defendant City of North Charleston)**

84. Plaintiff restates the allegations contained in the foregoing Paragraphs of this Complaint and incorporates the same herein as if repeated verbatim.

85. At all times relevant to this action, the City of North Charleston owed Plaintiff a duty to exercise due care.

86. The City of North Charleston breached its duty of care through negligent, grossly negligent, reckless, willful and wanton acts and omissions including, but not limited to, the following particulars:

   a. In failing to adopt and implement policies and procedures to protect against the unlawful seizure of property;

   b. In failing to adopt and implement policies and procedures allowing for the return of unlawfully seized property;

   c. In failing to properly train and supervise officers to ensure that that they do not seize citizens without legal basis;

d. In failing to properly train and supervise officers to ensure that they respond legally to citizens' exercise of free speech;

e. In failing to properly train and supervise officers to ensure that they do not seize property illegally;

f. In failing to terminate, dismiss, and/or discipline officers having a history of illegal action in the field;

g. In failing to return property to its lawful owner upon receiving notice said property had been unlawfully seized by officers;

h. In failing to exercise due care under the circumstances; and

i. In other particulars to be uncovered in discovery and proven at trial.

87. As a direct and proximate result of the City of North Charleston's negligent, grossly negligent, reckless, willful and wanton acts and omissions, Plaintiff has and will in the future sustain damages, including deprivation of his constitutional rights, loss of his liberty, emotional distress, loss of property, and loss of enjoyment of life.

## **DEMAND FOR A JURY TRIAL**

88. Pursuant to Rule 38 of the Federal Rules of Civil Procedure and the Seventh Amendment to the United States Constitution, Plaintiff demands a jury trial on all issues so triable.

[*PRAYER FOR RELIEF ON FOLLOWING PAGE*]

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the Court to enter judgment against Defendants and grant the following relief in his favor:

A. That the Court enter judgment in favor of Plaintiff and against all Defendants, both jointly and severally, for actual, incidental, and consequential damages in an amount to be determined by a jury and to the full extent allowable by law;

B. That the Court enter judgment in favor of Plaintiff and against the individually named Defendants, both jointly and severally, for punitive damages in an amount to be determined by a jury and to the full extent allowable by law;

C. That the Court declare that Plaintiff is not prohibited from possessing a firearm under federal law.

D. That the Court order Defendants to immediately deliver Plaintiff's firearm back to his possession.

E. That the costs of this action be taxed against Defendants;

F. That the Court award reasonable attorneys' fees as provided by 42 U.S.C. § 1988; and

G. That the Court enter any such further legal and equitable relief as this Court deems necessary, just and proper.

Respectfully submitted,

*s/ Cameron L. Marshall*
Cameron L. Marshall (Fed. ID #7678)
Alec N. Zarif (Fed. ID #14140)
CAMERON L. MARSHALL, LLC
7 Gamecock Avenue, Suite 707
Charleston, South Carolina 29407
Tel.: (843) 795-2298
Email: cameron@attorneymarshall.com
Email: alec@attorneymarshall.com

*ATTORNEYS FOR PLAINTIFF*

March 26, 2025
Charleston, South Carolina